## THE AMERICA.[1]

## MORAN *v.* THE AMERICA.

*(District Court, E. D. New York. June 22, 1886.)*

1. COLLISION—TWO TUGS—ONE AT REST NEAR LINE OF PIERS—ATTEMPT TO PASS INSIDE—FAULT.

    The tug M. was lying at rest in the East river, some 150 feet from the line of the piers, when the tug A., coming down the river, ported in an attempt to pass between the M. and the piers, and collided with the M. *Held* that, if the original course of the A. would have carried her outside of the M., the A. was in fault for porting. The A. insisted that her porting was when the vessels were close together, and collision was inevitable. *Held,* in that event, that the A. was in fault for not starboarding in time to pass outside of the M.; and, in either view, the A. was solely responsible for the collision.

2. SAME—VESSEL AT REST—APPLICABILITY OF RULE 19.

    Rule 19 does not apply where the vessel having the other on her starboard hand is at rest.

In Admiralty.

*Carpenter & Mosher,* for libelant.

*Biddle & Ward,* for claimants.

BENEDICT, J. Under the existing circumstances, clearly proved, it was the duty of the America to pass under the stern of the Ida Miller, and not across her bow. I incline to the opinion that the course of the America, when the Ida Miller was seen by her, would have carried her astern of the Ida Miller, and that the immediate cause of the collision was a change from this course, effected by porting the wheel in an effort to pass between the Ida Miller and Pier 4. If such be the fact, the fault of the America which caused the collision was porting her wheel. But if it is true, as insisted in behalf of the America, that the porting of her wheel was when the vessels were close together, and collision inevitable, then, in my opinion, the America was at fault for not starboarding her wheel so as to carry her further out into the river, and astern of the Ida Miller, seen by her to have backed off Pier 4, and to be at rest in the river. Rule 19 is not applicable in a case like this. The Ida Miller came to a rest. When seen to be so at rest, common prudence on the part of the America, as it appears to me, would have prevented an attempt to pass astern of the Ida Miller, when, by holding her course, or, at most, by a turn of her wheel to starboard, she would have passed astern of the Ida Miller, and at the same time assumed her proper course in the river.

Let a decree be entered in favor of the libelant, with an order of reference to ascertain damages.

[1] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.